UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID LUCKEY and T. ZENON PHARMACEUTICALS, LLC (D/B/A PHARMACY MATTERS) | ) ) ) | |
| | ) | Civil Action No. 2:11-cv-11500-JCO-MJH |
| Plaintiffs, | ) | Hon. John Corbett O'Meara |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, a Michigan nonprofit healthcare corporation | ) ) ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

---

### ANSWER

Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), for its answer to Plaintiffs' Complaint ("Complaint"), denies each and every allegation therein, except as specifically hereinafter admitted. For further answer, BCBSM states as follows:

### PARTIES

1.      BCBSM admits the allegations in Paragraph 1 of the Complaint.

2.      BCBSM is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint.

3.      BCBSM admits the allegations in Paragraph 3 of the Complaint, but clarifies that it is a Michigan non-profit healthcare corporation organized under the Nonprofit Healthcare Corporation Reform Act, Public Act 350 of 1980, M.C.L. § 550.1101 et seq. ("PA 350"). BCBSM.

4.      BCBSM admits that it is the largest commercial health insurer in Michigan. BCBSM admits that the United States and State of Michigan have filed a lawsuit against BCBSM. BCBSM, however, denies as untrue that it engaged in anti-competitive behavior.

## JURISDICTION AND VENUE

5.      BCBSM admits the allegations in Paragraph 5 of the Complaint.

6.      BCBSM admits the allegations in Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7.      BCBSM denies as untrue that its refusal to pay claims submitted by or on behalf of Plaintiffs is indefensible. BCBSM denies as untrue that Master Luckey had medical insurance coverage through BCBSM at all relevant times. BCBSM is without knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 7 of the Complaint.

8.      BCBSM is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9.      BCBSM admits that Pharmacy Matters dispensed medication to Master Luckey. BCBSM admits that a copy of the SERVICE AGREEMENT/ASSIGNMENT OF BENEFITS is attached to the complaint as Exhibit A, however denies that the assignment is effective or binding against BCBSM since the benefit certificate covering Plaintiff Luckey prohibits the assignment of any right to payment.  BCBSM denies the balance of the allegations in Paragraph 9 of the Complaint.

10.      BCBSM admits that the process explained in Paragraph 10 of the Complaint is a high-level overview of the BlueCard process. BCBSM denies as untrue the balance of the allegations in Paragraph 10 of the Complaint.

11.      BCBSM denies the allegations in Paragraph 11 of the Complaint.

12.     BCBSM denies the allegations in Paragraph 12 of the Complaint.

13.     BCBSM denies as untrue that it does not have a basis in fact or law for refusing to pay the claims submitted by Pharmacy Matters. BCBSM is without knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 13 of the Complaint. By further answer, Plaintiff fails to identify "other BCBS MI insureds" whose claims might be part of this litigation.

14.     BCBSM admits that Plaintiffs made demands for payment. BCBSM admits that a letter sent to BCBSM regarding the payment of Master Luckey's claims is attached to the complaint as Exhibit B. BCBSM admits that a letter from Diane Logsdon, which proposes a managerial level conference, is attached to the complaint as Exhibit C. BCBSM admits that the managerial level conference was conducted on February 16, 2011, and that BCBSM employees, Diane Logsdon, Tina Patsalis, and Jesse Zapczynski, Esq., attended the managerial level conference.  BCBSM denies as untrue that it failed to provide a reason for the non-payment of Plaintiffs' claims. BCBSM admits that on March 23, 2011, it advised Plaintiffs that it was putting together the documentation needed to respond, as noted in Exhibit D to the complaint. BCBSM denies the balance of the allegations in Paragraph 14 of the Complaint.

15.     BCBSM admits that it sent a letter denying Plaintiffs' appeal on March 25, 2011, and that the letter is attached to the complaint as Exhibit E. BCBSM denies as untrue that it did not assert that the claims were deficient. BCBSM admits that the claims were denied, in part, because Master Luckey had exhausted his lifetime maximum benefits. BCBSM denies any remaining allegation in Paragraph 15 of the Complaint.

16.     BCBSM denies the allegations in Paragraph 16 of the Complaint.

17.     BCBSM denies the allegations in Paragraph 17 of the Complaint.

**The BCBS MI Insurance Plan**

18.     BCBSM denies as untrue that the BCBSM plan was effective throughout the relevant time period. BCBSM admits that ordinarily a Covered Service under the benefit certificate would be payable, assuming that all other conditions of payment are satisfied and that no applicable limitations and exclusions apply that would otherwise result in a denial of payment.  BCBSM does not admit that Plaintiffs' claims were Covered Services and subject to payment under the terms and conditions of the applicable benefit certificates. BCBSM denies that that assignment of rights is valid since the applicable benefit certificate prohibits the assignment of a right to payment.  BCBSM denies that it has breached the terms and conditions of the BCBS MI Plan. BCBSM is without knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 18 of the Complaint.

19.     BCBSM denies the allegations in Paragraph 19 of the Complaint.

20.     BCBSM denies the allegations in Paragraph 20 of the Complaint. Further, Plaintiffs' state law claims seeking such benefits are preempted by ERISA, and the exclusive remedy for recovery of said benefits is pursuant to 29 U.S.C. § 1132(a)(1)(B).

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(ERISA -- Wrongful Denial of Benefits)**

21.     BCBSM reasserts and incorporates by reference its answers set forth in Paragraphs 1 through 20, as if fully set forth herein.

22.     BCBSM admits that Plaintiff Luckey was a participant in a BCBSM Plan. BCBSM denies that Plaintiff Luckey's assignment of rights to Pharmacy Matters is valid since the BCBSM Plan prohibit such assignments.

23.     BCBSM denies the allegations in Paragraph 23 of the Complaint.

24.     BCBSM admits that the law is correctly stated in Paragraph 24.

25.     BCBSM denies the allegations in Paragraph 25 of the Complaint.

26.     BCBSM denies the allegations in Paragraph 26 of the Complaint.

27.     BCBSM denies that this is a correct statement of law.

28.     BCBSM denies the allegations in Paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (ERISA -- Declaratory Relief)

29.     BCBSM reasserts and incorporates by reference its answers set forth in Paragraphs 1 through 28, as if fully set forth herein.

30.     BCBSM denies the allegations in Paragraph 30 of the Complaint.

31.     BCBSM affirmatively states that 29 U.C.S. §1132(a)(1)(B) speaks for itself but denies that Plaintiffs are entitled to the relief requested in Paragraph 31.

## THIRD CLAIM FOR RELIEF
### (ERISA -- Injunctive Relief)

32.     BCBSM reasserts and incorporates by reference its answers set forth in Paragraphs 1 through 31, as if fully set forth herein.

33.     BCBSM denies the allegations in Paragraph 33 of the Complaint.

34.     affirmatively states that 29 U.C.S. §1132(a)(3) speaks for itself but denies that Plaintiffs are entitled to the relief requested in Paragraph 34.

## FOURTH CLAIM FOR RELIEF
### (Violation of Michigan Statutes § 500.2006)

35.     BCBSM reasserts and incorporates by reference its answers set forth in Paragraphs 1 through 34, as if fully set forth herein.

36.     BCBSM denies the allegations in Paragraph 36 of the Complaint.. Further, Plaintiffs' state law claims seeking such benefits are preempted by ERISA, and the exclusive remedy for recovery of said benefits is pursuant to 29 U.S.C. § 1132(a)(1)(B).

37.     BCBSM denies the allegations in Paragraph 37 of the Complaint. Further, Plaintiffs' state law claims seeking such benefits are preempted by ERISA, and the exclusive remedy for recovery of said benefits is pursuant to 29 U.S.C. § 1132(a)(1)(B).

38.     BCBSM denies the allegations in Paragraph 38 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Inducement)**

39.     BCBSM reasserts and incorporates by reference its answers set forth in Paragraphs 1 through 38, as if fully set forth herein.

40.     BCBSM is without knowledge or information sufficient to admit or deny the allegations of Paragraph 40 of the Complaint.

41.     BCBSM denies the allegations in Paragraph 41 of the Complaint.

42.     BCBSM denies the allegations in Paragraph 42 of the Complaint.

43.     BCBSM admits that a "hold" was put on the claims because Pharmacy Matters was being investigated for fraud. Furthermore, the investigation led to a lawsuit being filed by Wellmark, Inc. ("Wellmark") against Pharmacy Matters, which is currently pending in a different venue. BCBSM admits that other claims were processed and paid while the disputed claims which are the subject of this litigation remained on "hold." BCBSM denies any wrongdoing. BCBSM admits that Master Luckey exhausted his maximum lifetime benefits. BCBSM denies any remaining allegations in Paragraph 43 of the Complaint as untrue.

44.     BCBSM is without knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 44 of the Complaint.

45.     BCBSM denies the allegations in Paragraph 45 of the Complaint.

46.     BCBSM denies the allegations in Paragraph 46 of the Complaint.

47.     BCBSM denies the allegations in Paragraph 47 of the Complaint.

### SIXTH CLAIM FOR RELIEF
**(Promissory Estoppel)**

48.     BCBSM reasserts and incorporates by reference its answers set forth in Paragraphs 1 through 47, as if fully set forth herein.

49.     BCBSM denies the allegations in Paragraph 49 of the Complaint.

50.     BCBSM denies the allegations in Paragraph 50 of the Complaint.

51.     BCBSM denies the allegations in Paragraph 51 of the Complaint.

WHEREFORE, Defendant, Blue Cross Blue Shield of Michigan, prays that this Court affirm its denial of the disputed claims, and dismiss the ERISA claims and ancillary state law claims which are preempted by ERISA.

Respectfully Submitted,

BLUE CROSS BLUE SHIELD OF MICHIGAN
s/Leo A. Nouhan (P30763)
Robert A. Phillips (P58496)
Attorney for Defendant
600 E. Lafayette, Suite 1925
Detroit, MI 48226
(313) 983-2554
lnouhan@bcbsm.com
rphillips@bcbsm.com

Dated:  May 5, 2011

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses, BCBSM states the following:

1.      According to the healthcare benefit plan in which Plaintiff Luckey and his covered dependents were enrolled, a claim or cause of action cannot be assigned to any provider.

2.      Under the Entity Agreement between Pharmacy Matters and Wellmark, Pharmacy Matters agreed to: agreed to bill Wellmark and accept Wellmark's payment as payment in full; not bill members for any balance, excluding deductibles, coinsurance, and copayment; and not seek payment from members for deductibles, coinsurance, and copayments. Because Plaintiff David Luckey would not be personally liable for the claims pursuant to the Entity Agreement, Plaintiff David Luckey does not have standing to bring this cause of action against Defendant BCBSM. Because Pharmacy Matters cannot seek payment from any party other than Wellmark, Plaintiff T. Zenon Pharmaceuticals, LLC d/b/a Pharmacy Matters likewise do not have standing to bring this cause of action.

3.      As part of the Entity Agreement between Pharmacy Matters and Wellmark, Pharmacy Matters agreed to abide by the terms of the BlueCard program. Under the BlueCard program, a licensee of the Blue Cross Blue Shield Association can suspend payment of claims during an investigation for fraudulent activity.

4.      This matter may be barred by the applicable statutory limitations period.

5.      This matter is barred by the applicable two-year contractual period of limitations contained in the health plan.

6.      Master Luckey has exhausted his lifetime maximum benefit of five million dollars ($5,000,000.00).

7.     Master Luckey has coverage through another provider that may pay for the claims at issue.

8.     Pharmacy Matters has been litigating similar claims in Iowa. Because the case in Iowa was filed first and is scheduled for trial, the court should dismiss this matter. Plaintiffs cannot use the denial of claims as a way to forum shop.  Plaintiffs are estopped from bring suit against BCBSM over issues that are pending in another lawsuit in a different venue.

9.     Plaintiffs have failed to exhaust their administrative remedies.

10.     Plaintiffs failed to state a claim for which relief can be granted.

11.     Plaintiffs have failed to mitigate claimed damages and losses, the entitlement to which is denied.

12.     Defendant at all times relied on and conformed to the provisions of the relevant plan documents and contracts in connection with Plaintiffs' claim for benefits.

13.     Entitlement to the health insurance benefits sought by Plaintiffs is subject to the terms of a plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA").  Therefore, Plaintiffs' state law claims (Counts 4, 5 and 6) which also seek such benefits are preempted by ERISA, and the exclusive remedy for recovery of said benefits is pursuant to 29 U.S.C. § 1132(a)(1)(B).

14.     Pursuant to the plain terms of the plan, the benefits sought are not owed.

15.     The decision to deny payment for the claim for benefits under the Plaintiff Luckey's health care plan was reasonable, based upon substantial evidence, and not arbitrary and capricious.

16.     Any damages suffered by Plaintiffs were not proximately caused by any act or omission of BCBSM.

17.     To the extent that Plaintiff Pharmacy Matters is seeking payment of claims for "other BCBS MI insureds" as alleged in Paragraph 13 of the Complaint, Plaintiff has failed to state a cause of action, has failed to identify the "other insured" and lacks standing to bring any action on behalf of these unnamed "other insured."  In addition, the Court lacks subject matter jurisdiction and personal jurisdiction over such unnamed "other insured."

18.     Any amounts that might be owed may be subject to setoff to the extent that benefits were overpaid on other claims.

19.     Defendant reserves the right to amend its Answer to add additional Affirmative Defenses or to delete or withdraw Affirmative Defenses as may become necessary.

WHEREFORE, having fully answered Plaintiffs' Complaint, BCBSM prays for a judgment dismissing the Complaint with prejudice, BCBSM to be awarded its costs and attorney fees, and for such further relief as this Court may deem just.

Respectfully Submitted,

BLUE CROSS BLUE SHIELD OF MICHIGAN
s/Leo A. Nouhan (P30763)
Robert A. Phillips (P58496)
Attorney for Defendant
600 E. Lafayette, Suite 1925
Detroit, MI 48226
(313) 983-2554
lnouhan@bcbsm.com
rphillips@bcbsm.com

Dated: May 5, 2011

**PROOF OF SERVICE**

I hereby certify that on May 5, 2011, I electronically filed the foregoing paper with the Clerk of

the Court using the ECF system which will notify all counsel of record.

Respectfully Submitted,
BLUE CROSS BLUE SHIELD OF MICHIGAN
By: s/Leo A. Nouhan (P30763)
Attorney for Defendant
600 E. Lafayette, Suite 1925
Detroit, MI 48226
(313) 983-2554
lnouhan@bcbsm.com