UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LUCKEY and T. ZENON
PHARMACEUTICALS, LLC (d/b/a
PHARMACY MATTERS),

    Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN, a Michigan nonprofit
healthcare corporation,

    Defendant.
_____/

Case No. 11-11500

Hon. John Corbett O'Meara

FILED
JUN 14 2012
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## ORDER

Before the court are three motions: Defendant's motion to dismiss or for summary judgment; Plaintiffs' motion to strike Defendant's motion to dismiss; and Plaintiff's motion to allow limited discovery, all of which have been fully briefed. The court heard oral argument on January 26, 2012, and took the matter under advisement.

## BACKGROUND FACTS

This case involves Defendant's failure to pay certain prescription claims. Plaintiff David Luckey and his son, "Master Luckey," were covered under a health insurance plan provided by Defendant Blue Cross Blue Shield of Michigan ("BCBSM"). Master Luckey is a hemophiliac. His condition requires the administration of a blood factor product ("Factor") to help with the clotting of his blood. During the relevant time period, Master Luckey obtained Factor from Plaintiff T. Zenon Pharmaceuticals, known as Pharmacy Matters. Pharmacy Matters alleges that it would fill Master Luckey's prescriptions for Factor only after checking his insurance coverage

and receiving pre-authorization. On July 31, 2008, November 7, 2008, November 8, 2008, and November 14, 2008, Pharmacy Matters dispensed Factor to Master Luckey.

Pharmacy Matters is located in Iowa and has an agreement with Wellmark, BCBSM's agent/affiliate there. Pursuant to that agreement, Pharmacy Matters submitted the claims to Wellmark, which typically then forwarded them to BCBSM for payment. (Pharmacy Matters does not have a contract with BCBSM.) Wellmark apparently "flagged" the claims due to a fraud investigation. The claims languished for months unpaid. In the meantime, Master Luckey reached the $5,000,000 lifetime benefit maximum under the BCBSM plan as of August 7, 2009. Thereafter, even though no fraud was demonstrated regarding the 2008 Factor claims, BCBSM declined to pay them because the lifetime maximum had been reached. БCBSM does not rely on fraud as a reason for declining to pay the claims.

Pharmacy Matters filed suit in 2009 with respect to these and other unpaid claims against Wellmark in Iowa state court. That case remains pending. Pharmacy Matters and David Luckey filed this action for benefits, declaratory judgment, and injunctive relief under ERISA on April 8, 2011.

## LAW AND ANALYSIS

### I. Plaintiffs' Motion to Strike Defendant's Motion to Dismiss

Plaintiffs want the court to strike Defendant's motion to dismiss, because Defendant relies on material outside the complaint. Defendant's motion is to dismiss **or** for summary judgment, however, so Defendant can rely upon material outside the complaint under Fed. R. Civ. P. 56. Plaintiffs also argue that Defendant cannot file a motion to dismiss after filing an answer. Again, Defendant's motion also relies on Rule 56. Further, Defendant's motion

primarily addresses standing, which is jurisdictional and can be raised anytime. Accordingly, the court will deny this motion.

## II. Defendant's Motion to Dismiss/Summary Judgment

Defendant seeks dismissal or summary judgment, arguing primarily that neither Luckey nor Pharmacy Matters has standing under ERISA. Defendant also argues that the court should dismiss this matter pending resolution of the Iowa state action.

### A. Luckey's Standing

Defendant argues that Luckey does not have statutory standing under ERISA or constitutional standing. To have statutory standing to sue under ERISA, a plaintiff must allege he is a "participant, beneficiary, or fiduciary" of a plan. 29 U.S.C. § 1132(a). Plaintiff Luckey alleges, and BCBSM does not dispute, that he was a participant in the BCBSM plan during the relevant time period. Accordingly, Luckey has statutory standing under ERISA.

BCBSM argues that Luckey lacks standing because he has no viable claim for benefits. That is, the plan pays providers directly, not participants like Luckey. Providers agree to seek payment from the plan, not from participants. Thus, BCBSM argues, Luckey has no personal liability to Pharmacy Matters for the Factor treatment, and did not pay for it out of pocket, so he has no claim and no standing. BCBSM's argument goes to the merits of Luckey's claim, not standing. To have standing under ERISA, Luckey does not have to allege a meritorious claim, but only has to allege that he was a participant in a plan.

Constitutional standing is another matter. "That a litigant must establish standing is a fundamental element in determining federal jurisdiction over a 'case' or 'controversy' as set forth in Article III of the Constitution." Morrison v. Board of Ed. of Boyd County, 521 F.3d 602, 608

(6th Cir. 2008). "By now, it is axiomatic that a litigant demonstrates Article III standing by tracing a concrete and particularized injury to the defendant – whether actual or imminent – and establishing that a favorable judgment would provide redress." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

BCBSM argues that Luckey cannot allege that he was injured as a result of BCBSM's conduct: Master Luckey received his Factor and BCBSM alleges that Luckey is not legally obligated to pay Pharmacy Matters for it. Plaintiffs respond that Luckey has alleged that he is legally obligated to pay Pharmacy Matters if BCBSM does not pay. See Compl. at Ex. A. Luckey executed an assignment that assigned his right to payment/benefits to Pharmacy Matters and agreed to pay any amounts not paid by BCBSM. Id. These allegations are sufficient to confer standing.

**B.      Standing of Pharmacy Matters**

It is undisputed that Pharmacy Matters does not have direct standing under ERISA because it is not a plan participant or beneficiary. However, Pharmacy Matters contends that it has "derivative" standing under ERISA because Luckey assigned his right to collect payment to Pharmacy Matters. See Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1277 (6th Cir. 1991) ("[A] health care provider may assert an ERISA claim as a 'beneficiary' of an employee benefit plan if it has received a valid assignment of benefits."). BCBSM argues, however, that the plan contains an anti-assignment clause, which prohibits the assignment of benefits.

Anti-assignment clauses in ERISA plans are generally enforceable. See e.g., Trinity Health-Michigan v. Blue Cross Blue Shield of S. Carolina, 408 F. Supp.2d 483, 485 (W.D. Mich.

-4-

2005) ("Most courts have held that ERISA does not prohibit an anti-assignment clause in an employee welfare benefit plan and that an unambiguous anti-assignment provision invalidates an assignment to a health care provider."). However, some cases have held that plans are precluded from enforcing anti-assignment provision under theories of waiver and equitable estoppel. For example, in Hermann Hosp. v. MEBA Med. & Benefits Plan, 959 F.2d 569, 574 (5th Cir. 1992), the court found an assignment valid despite the anti-assignment clause in the plan, based upon the course of dealing between the plan and the health care provider. Id. ("It had to be clear to [the insurer] that [the hospital], in admitting and providing services to Mrs. Nichols, was relying on that assignment as its entitlement to recover payment for those Plan benefits . . . furnished to Mrs. Nichols.").

Here, Pharmacy Matters alleges that BCBSM paid it directly for other claims it submitted on behalf of Luckey and thus BCBSM should be estopped from relying on the anti-assignment provision. BCBSM does not respond to this argument, other than to suggest that it is "improper" and that Pharmacy Matters relies upon case law outside the Sixth Circuit. BCBSM's non-response is insufficient. Pharmacy Matters has at least alleged sufficient facts and legal theories to confer standing. Whether Pharmacy Matters will ultimately prevail is not part of the standing analysis. Therefore, the court will deny BCBSM's motion with respect to its standing arguments.

C. **Dismissal pursuant to *Colorado River* Abstention**

Pursuant Colorado River, BCBSM argues that this case should be dismissed in deference to the pending state action in Iowa. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. Id. at 813; Moses H. Cone Mem. Hosp. v. Mercury Constr. Co., 460

U.S. 1, 15 (1983). However, in Colorado River, the Court held that in the interest of judicial economy, a federal court may abstain from deciding a federal court action in deference to a pending state proceeding in certain circumstances, relying on the consideration of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817. Abstention from the exercise of federal jurisdiction, however, "is the exception, not the rule." Id. A court may abdicate its responsibility to adjudicate a controversy properly before it "only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Id. at 813. However, even in such exceptional cases, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16.

The first step in determining whether a case presents the "extraordinary and narrow exception" to the obligation of a district court to exercise jurisdiction over a case properly before it is to determine whether the federal and state proceedings are "parallel." Romine v. Compuserve Corp., 160 F.3d 337 (6th Cir. 1998); Inrecon, LLC v. Highlands Ins. Co., 284 F. Supp.2d 773, 778 (E.D. Mich.2003). The first indication that a federal and state court action are not parallel is when the parties are distinct. Id. However, "exact parallelism is not required; it is enough if the two proceedings are substantially similar." Romine, 160 F.3d at 340. Suits may be deemed parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." Grammar, Inc. v. Custom Foam Systems, Ltd., 482 F. Supp.2d 853, 857 (E.D. Mich.2007).

If the court finds the cases to be parallel, it must also consider: 1) whether the state court has assumed jurisdiction over any res or property; 2) whether the federal forum is less convenient

to the parties; 3) avoidance of piecemeal litigation; 4) which court obtained jurisdiction first; 5) whether the source of governing law is state or federal; 6) the adequacy of the state court to protect the federal plaintiff's rights; 7) the relative progress of the state and federal proceedings; and 8) the presence or absence of concurrent jurisdiction. Id. "No one factor is necessarily determinative; a careful considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818-19.

In the Iowa case, Pharmacy Matters is suing Wellmark for breach of contract for failure to pay for Factor prescriptions, including the same prescription claims Pharmacy Matters alleges BCBSM failed to pay in this case. Thus, these cases are "parallel" and it appears that Pharmacy Matters could obtain complete relief in Iowa state court. Indeed, "the similarity between the two cases is sufficient to justify the conclusion that the 'state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.'" Lumen Constr., Inc. v. Brant Constr. Co., Inc., 780 F.2d 691, 695-96 (7th Cir. 1985) (quoting Moses H. Cone, 460 U.S. at 28).

With respect to the other factors to be considered, the first two do not weigh in favor of abstention: the Iowa state court has not assumed jurisdiction over any res or property and this forum is not less convenient, given that Plaintiff Luckey and BCBSM are located in Michigan.

However, the factors considering the "avoidance of piecemeal litigation," "which court obtained jurisdiction first," and the "relative progress of the state and federal proceedings" weigh in favor of abstention. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." Romine,

160 F.3d at 341 (citation omitted).

> When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications.

Id. (quoting Lumen Constr., 780 F.2d at 694 (7th Cir. 1985)). Indeed, the Supreme Court noted that "the consideration that was paramount in *Colorado River* itself [was] the danger of piecemeal litigation." Moses H. Cone, 460 U.S. at 19. If this case proceeds, the Iowa state court and this court will be determining whether Pharmacy Matters should be paid for the same Factor prescription claims, leading to potentially inconsistent results and the inefficient use of judicial resources. Moreover, the Iowa state court assumed jurisdiction first: that action was filed by Pharmacy Matters on May 4, 2009, two years before it and Luckey filed this action on April 8, 2011. Significantly, the Iowa state court action has progressed substantially further than this one. Trial in that case is scheduled for November 2012, whereas this suit is in its beginning stages. These factors weigh "strongly" in favor of abstention. Romine, 160 F.3d at 341-42.

"[T]he presence of federal law issues must always be a major consideration weighing against surrender" of federal jurisdiction. Moses H. Cone, 460 U.S. at 26. However, "the source-of-law factor has less significance . . . [where] the federal courts' jurisdiction to enforce [the statutory rights in question] is concurrent with that of the state courts." Id. at 25. See also Romine, 160 F.3d at 342. Plaintiffs' claims arise under ERISA. ERISA provides that state and district courts have concurrent jurisdiction over actions by a plan participant "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to

clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §§ 1132(a)(1)(B), 1132(e)(1). Thus, while Plaintiffs' federal claims are "an important factor to be weighed" in the analysis, "its significance is seriously diminished" in light of the concurrent jurisdiction of the state court.[1]

Further, the existence of concurrent state court jurisdiction for Plaintiffs' ERISA claims, as well as the fact that complete relief (payment of the Factor claims) could be awarded in the Iowa state court, indicates that the Iowa state court action is adequate to protect Plaintiffs' rights. See Romine, 160 F.3d at 342.

On balance, the court finds that the factors weigh in favor of abstention under Colorado River, which is consistent with Judge Middlebrooks's well-reasoned decision in a similar case involving Pharmacy Matters, Blue Cross and Blue Shield of Florida, and unpaid Factor claims subject to litigation in Iowa state court and the Southern District of Florida. See Def.'s Ex. 13, Brown v. Blue Cross and Blue Shield of Florida, Inc., (S.D. Fla. Aug. 8, 2011). In Brown, the court determined that abstention was appropriate and stayed the federal ERISA case pending the outcome of the Iowa state action.

Here, too, the court finds that a stay, rather than dismissal, is appropriate in light of Sixth Circuit precedent. See Bates v. Van Buren Twp., 122 Fed. Appx. 803, 809 (6th Cir. 2004) ("We

---

[1] Plaintiffs note that their claim for injunctive relief under 29 U.S.C. § 1132(a)(3) is within the exclusive jurisdiction of the federal courts. However, the "Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." Wilkins v. Baptist Healthcare Sys. Inc., 150 F.3d 609, 615 (6th Cir. 1998) (citing Varity Corp. v. Howe, 516 U.S. 489, 512 (1996)). Because Plaintiffs have an adequate remedy for declaratory relief and unpaid benefits under § 1132(a)(1)(B), they may not proceed under § 1132(a)(3). Id. Plaintiffs' exclusive jurisdiction argument, therefore, is to no avail.

therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.").

### III. Plaintiffs' Motion for Limited Discovery

In light of the court's decision to stay this action, it will deny Plaintiffs' motion for limited discovery without prejudice.

### ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss or for summary judgment is GRANTED IN PART and DENIED IN PART in that this action is STAYED pending the outcome of the Iowa state court action.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for limited discovery is DENIED WITHOUT PREJUDICE.

Dated: June 14, 2012

John Corbett O'Meara
United States District Judge